HENRY VANDINE *vs.* NATHANIEL BURPEE & another.

On the trial of an action to recover damages for injury done to the plaintiff's garden and nursery, by the smoke, heat and gas, proceeding from the defendant's brick kiln, after two gardeners, who had much experience in raising and cultivating fruit trees, shrubs and plants, had testified to the particulars of the plaintiff's injury, they were asked by the plaintiff, "what was the amount of damage" caused by the injury to which they had before testified. *Held,* that these witnesses might give their opinion as to the amount of such damage.

THIS was an action of trespass upon the case, brought against Amos Binney and Nathaniel Burpee, to recover damages for injury alleged to be done to the plaintiff's garden and nursery in Cambridge, by smoke, heat and gas, proceeding from their brick kilns, made and burnt in a brick yard near said garden. The defendants severally pleaded the general issue.

At the trial in the court of common pleas, before *Merrick,* J. it appeared that said Binney and others were owners of the brick yard, and that he, for himself and as agent of his co-tenants, leased the same to said Burpee, who was in possession thereof, under such lease, at the several times of the burning of the kilns complained of by the plaintiff; that the brick yard had been used for the same purpose, for several preceding years ; that the plaintiff's garden and nursery were begun and planted by him, after the lot of land, which constituted the brick yard, had been appropriated and used for the purpose of making bricks and burning brick kilns thereon ; that in June and July 1845, said Burpee made and burnt a kiln of bricks, in said yard, containing from fifteen to twenty arches of about fifteen thousand each ; and that, for three or four days, while the kiln was burning, the weather was lowery, and the wind blew strong from the northeast, so as to take the smoke, heat and gas, from the kiln, over and upon the plaintiff's garden and nursery.

The witnesses did not agree in their statements as to the distance of the kiln from the garden, "but variously stated it o be from one hundred and twenty to more than two hundred

feet." It appeared that the garden was surrounded by a close board fence, from seven to twelve feet high.

The plaintiff introduced evidence tending to show the injury to his garden and nursery, of which he complained in his declaration, and that it was occasioned by the smoke, heat and gas from the aforesaid brick kiln, while the same was in the process of burning. The defendants introduced evidence, for the purpose of showing that the alleged injury was not caused in that way, but was occasioned by other causes. This question of fact, together with the question of damages, was submitted to the jury, under instructions not objected to, and a verdict was rendered for the defendant Binney, and against the defendant Burpee, for $993 damages.

The defendants, on the trial, introduced, as witnesses, Thomas Willett and Samuel Walker, two experienced gardeners, who had spent much time in raising, grafting and cultivating fruit trees, shrubs and plants, and who had examined the plaintiff's garden and nursery, in July 1845, after the burning of Burpee's brick kiln. They testified, without objection from the defendants, to the injury to the trees, fruit and vegetation, which they severally noticed at the time of their examination, and that, in their opinion, such injury would be likely to be produced by the smoke, heat and gas from the burning of said brick kiln, in the state of the weather before mentioned. And they were thereupon inquired of by the plaintiff, what was the amount of damage, by the injury of which they had before testified. This question was objected to by the defendants, as being mere opinion as to the amount of damage ; but the court ruled that it was admissible, and the question was put to, and answered by, each of said witnesses.

The defendant Burpee alleged exceptions to the ruling of the court.

*Buttrick*, for Burpee. The testimony of Willett and Walker, which was objected to, was inadmissible. The facts, to which they testified, in minute detail, were proper evidence for the jury to weigh ; but their opinions, as to the amount

Vandine *v.* Burpee & another.

of damage done, were not legal evidence. It was for the jury to assess the damage, upon their own judgment, formed from the facts testified to. The witnesses were not experts ; and no case is to be found, in which such opinions have been allowed to be given in evidence. 1 Greenl. on Ev. § 440. *Jameson* v. *Drinkald,* 12 Moore, 148. *Cottrill* v. *Myrick,* 3 Fairf. 222. *Webber* v. *Eastern Rail Road Co.* 2 Met. 147. *Griffin* v. *Brown,* 2 Pick. 304. *Davis* v. *Mason,* 4 Pick. 156. *Needham* v. *Ide,* 5 Pick. 510. *Rider* v. *Ocean Ins. Co.* 20 Pick. 259. *Boies* v. *McAllister,* 3 Fairf. 308. *Lester* v. *Town of Pittsford,* 7 Verm. 158. 2 U. S. Digest, Evidence, 1262 – 1287. In *Norman* v. *Wells,* 17 Wenl. 136, 163, it was held, in an action for a breach of covenant, that the opinion of witnesses, as to the probable amount of damages, is not admissible. Cowen, J. said, "even where a witness is able to speak to all the facts of the particular case, his opinions are not to be received." · See also *Lincoln* v. *Saratoga & Schenectady Rail Road Co.* 23 Wend. 425.

The decisions are conflicting on the question whether a witness can testify to the value of property. But if he may, yet it does not follow that he may testify as to the amount of damages.

*Mellen & E. R. Hoar,* for the plaintiff. In New Hampshire, it is held that the value of property is never to be testified to by a witness. *Whipple* v. *Walpole,* 10 N. Hamp. 130. *Beard* v. *Kirk,* 11 N. Hamp. 397. But it is held otherwise in Maine, New York and Pennsylvania. *Warren* v. *Wheeler,* 8 Shepley, 484. *Brill* v. *Flagler,* 23 Wend. 354. *Kellogg* v. *Krauser,* 14 S. & R. 137. In this last case, Tilghman, C. J. said, that though an opinion of the value of land is not strictly a fact, yet " such opinions are every day received as evidence, and it is difficult to conceive how the value of land can be proved without them. It is a kind of evidence so commonly admitted, without dispute or objection, that I have no doubt of its legality." If witnesses may give their opinion as to the value of property, it would seem that they should also be allowed to give their opinion of the damage caused by the loss of property.

Vandine *v.* Burpee & another.

DEWEY, J. The only objection, now urged to the ruling at the trial, is the admission of the testimony of Willett and Walker, as to their opinion of the amount of damages sustained by the plaintiff, by the injuries which they had already specified in detail.

As a general rule, witnesses are to testify to facts, and the jury are to draw the inferences and form the opinions which are to govern the case. In the application of this principle, it has been sometimes supposed that it should be carried so far as to exclude the opinion of witnesses as to the value of property which is in controversy; and decisions to this effect are found in the New Hampshire Reports. 3 N. Hamp. 349. 6 N. Hamp. 462. 10 N. Hamp. 130. 11 N. Hamp. 397. The cases cited from 8 Shepley, 23 Wend. 354, and 14 S. & R., sanction the contrary doctrine.

It seems to us that it would be impracticable to dispense with this species of testimony, in many actions of trover for personal property, where no detail of facts could adequately inform the jury of the value of the articles. The opinion of a witness, as to the value of a horse, is much more satisfactory evidence than a detailed statement of his size, color, age, &c. to give the jury the requisite information, to enable them to assess damages for the conversion of such a horse. In the present case, the evidence of opinion was offered under the most favorable circumstances for its admission. The witnesses were men having practical experience with the subject of cultivating fruit trees and shrubs; they had already stated, in detail, to the jury, the nature and extent of the injury, so far as description of that kind could give information ; and to this they were allowed to add also their opinion as to the amount of damage occasioned by the injury, of which they had before testified.

The court are of opinion that the testimony was competent. *Exceptions overruled.*